In the Matter of JOSEPH BIGMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 30, 1992

### APPEARANCES OF COUNSEL

*Robert H. Straus (Khadijah Muhammad* of counsel), for petitioner.

*Fredric Lewis* for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with two allegations of professional misconduct. The Special Referee

sustained both charges of professional misconduct against the respondent. The petitioner moves to confirm the report of the Special Referee and the respondent's counsel submits an affidavit in response thereto.

Charge One alleged that the respondent, who was retained to handle the sale of a dry cleaning business, breached his fiduciary duty with respect to an escrow agreement. Subsequent to the closing, the respondent disbursed some of the sale proceeds, pursuant to his client's instructions, and held the balance of $37,854.50. The respondent was required, pursuant to a written escrow agreement, to hold $6,000 from the proceeds pending resolution of an outstanding water bill. Although the conditions of the agreement had not been met, the respondent unilaterally released all but $2,854.50 of the funds in escrow to his client just five days after the closing.

Charge Two alleged that the respondent failed to advise the attorneys for the buyer and landlord that he was not holding in escrow the funds which he was required to hold. Further, the respondent gave false assurances to the attorneys for the buyer and landlord, and to the Grievance Committee that he was holding the appropriate funds in escrow. Only after the Grievance Committee, in March 1990, requested that the respondent provide proof of the escrow deposit did he admit that he had prematurely released the escrow funds.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining the charges of professional misconduct. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent, including the facts that the respondent never personally benefited financially from the release of the escrow funds, that his actions were, rather, prompted by his client's dire financial need, and that he unilaterally attempted to provide a substitute form of security for payment of the outstanding water bill. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent is suspended from the practice of law for a period of two years, commencing April 30, 1992, and until the further order of this court.

Mangano, P. J., Thompson, Bracken, Sullivan and Ritter, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent Joseph Bigman is suspended from the practice of law for a period of two years, commencing April 30, 1992, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of the said period of two years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Joseph Bigman is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.